Zachary L. Ayers
Ayers Law Firm, P.L.L.C.
1312 North Monroe Street, Suite 133
Spokane, Washington 99201
Telephone: (509) 252-6005

United States District Court
Eastern District of Washington
(Honorable Judge Rosanna Malouf Peterson)

| United States of America, | No. 2:23-CR-00113-RMP |
|---|---|
| Plaintiff, | Defendant's Objections to the Pre-Sentence Investigation Report (PSIR) |
| v. | |
| Johnathan Allen. | |
| Defendant(s). | |

Johnathan Allen, through counsel, Zachary L. Ayers of Ayers Law Firm, P.L.L.C., submits the following objections, corrections, and additions to the presentence report.

**Corrections and Additions**

- <u>Paragraph 16 correction</u>: Fisher did not state at trial that he and Allen were business partners.

- <u>Paragraph 17 addition</u>: neither phone number believed to be associated with Mr. Allen were verified to be in the physical possession of Mr. Allen.

- <u>Paragraph 22 correction</u>: the arrangement to meet must be corrected to a meeting between Fisher and UCA. Not all three of them. At trial, Allen was not involved in the meeting as testified to by Fisher. Fisher testified that Allen did

1

not participate and wanted to get out of the car before arriving at the UCA location. (ECF 129; page 44-46).

- <u>Paragraph 59 correction</u>: Fisher testified that the money was all his and not from Allen. (ECF 128; page 270).

**Objections to the PSIR**

- **Paragraphs 61, 62, 63, 64, 65, 66**

Mr. Allen objects to paragraphs 61 through 66 because none of those paragraphs are relevant to the crime of conviction, especially under U.S.S.G. §1B1.3. Nor was the information in those paragraphs proven at Mr. Allen's trial. Additionally, those paragraphs do not fall within the scope of the charged conduct in U.S.S.G. §1B1.3. Those paragraphs unfairly prejudice Mr. Allen at sentencing in light of his conviction at trial and all the events surrounding the prosecution of this case. These items were excluded by the Court at trial. Those paragraphs do not reference the alleged events and their subject matter is unrelated from October 27 and 28, 2022, and February 7, 2023, events.

These paragraphs contain statements that are unreliable and untrustworthy. Those paragraphs are not within the scope of jointly undertaken criminal activity, they are not in furtherance of the criminal activity alleged in the superseding indictment, and the statements in ¶61-66 are not reasonably foreseeable in connection with the criminal activity charged against Mr. Allen. Additionally, there is no common scheme related to the events of October 27, and 28 2022, and February 7, 2023.

The statements made in those paragraphs do not have the same individuals involved and do not identify those individuals the Facebook account is interacting with.

- **Paragraph 73, 77, 80, 184**

Mr. Allen objects to paragraph 73, 77, 80, and 184. The firearm enhancement from U.S.S.G. 2D1.1(b)(1) does not apply because no firearm was proven to be in Mr. Allen's possession for the drug transactions on October 27, 2022. Firearms were not present on Mr. Allen during the events of October 27, 2022, whether it was Quinton Brown's sale of drugs to Joshua Fisher, or Joshua Fisher's sale of drugs to the undercover agents.

*United States v. Gomez*, 6 F.4th 992 (9th Cir. 2021) explains why this enhancement does not apply to Mr. Allen. Under §2D1.1(b)(1), "[i]f a dangerous weapon (including a firearm) was possessed," a two-level enhancement is applicable. *United States v. Gomez*, 6 F.4th 992, 1008 (9th Cir. 2021); (citing U.S.S.G. §2D1.1(b)(1). The Ninth Circuit has interpreted §2D1.1(b)(1) broadly and have held possession of the firearm to be actual or constructive, *United States v. Lopez-Sandoval*, 146 F.3d 712, 714-15 (9th Cir. 1998), and that the firearms and drugs do not have to "be found in proximity to each other," *United States v. Willard*, 919 F.2d 606, 610 (9th Cir. 1990). "Even when defendants were arrested miles away from the firearms stored at their homes or places of business, we have held that the defendants possessed weapons during the commission of the drug-trafficking offenses for purposes of this sentencing

3

enhancement. *United States v. Lopez-Sandoval*, 146 F.3d at 715; *See also United States v. Steward*, 926 F.2d 899, 901-02 (9th Cir. 1991)." *United States v. Gomez*, 6 F.4th 992, 1008 (9th Cir. 2021)

> Application Note 11 to §2D1.1(b)(1) provides "[t]he enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. §2D1.1(b)(1) comment n.11(A). "For example, the enhancement would not be applied if the defendant, arrested at the defendant's residence had an unloaded hunting rifle in the closet. *Id*. The application note also states that this enhancement "reflects the increased danger of violence when drug traffickers possess weapons." *Id*. We have also interpreted this application note broadly. In determining whether the weapon "was connected with the offense," *id*., we have concluded that the "offense" in this context refers to "the entire course of criminal conduct," not just the crime of conviction, *Willard*, 919 F.2d at 609-10. This is consistent with the broad language of §1B1.3, which provides that specific offense characteristics such as §2D1.1(b)(1) take into account all acts and omissions that occurred "during the commission of the offense of conviction, in preparation for that offense, or in the court of attempting to avoid detection or responsibility for that offense." U.S.S.G. §1B1.3(1)(B). We have also held that the fact that a firearm was unloaded does not make it "clearly improbable that the weapon was connected to" the drug offense. *Lopez-Sandoval*, 146 F.3d at 716 (cleaned up).

*United States v. Gomez*, 6 F.4th 992, 1008-09 (9th Cir. 2021).

In *Gomez*, the defendant possessed a firearm to sell and that weapon was present during the drug-trafficking offense which was *bundled together. United States v. Gomez*, 6 F.4th 992, 1010 (9th Cir. 2021). (*emphasis added*).

In Mr. Allen's case, he did not possess a firearm on October 27, 2022, for the drug conspiracy that took place between the drugs being handed from Brown to Fisher and Fisher to the undercover agents. Looking to the firearm sale of October 28, 2022, and the firearm possessed by Mr. Allen at the time of his arrest on February 7,

2023, these situations *are separate and not bundled together* with the drug transactions of October 27, 2022. (*emphasis added*). The firearm sale by Fisher to the undercover agents on October 28, 2022, is not bundled together with the drug transaction of October 27, 2022, because they are on different days, with different events and no connection between the sale of any controlled substances, thus making it clearly improbable that there was any connection of a firearm with controlled substances. Therefore, this enhancement should not be applied under the guidelines.

The corrected calculation should be:

-BOL: 32

-Specific Offense Characteristics: 0

-Adjusted Offense Level: 32

-Total Offense Level: 32

-Criminal History Category: V

-Guideline Range: 188-235 Months

DATED this 16th day of January 2024.

                Respectfully Submitted,

                s/Zachary L. Ayers
                Zachary L. Ayers, WSBA#46496
                Attorney for Mr. Allen.
                Ayers Law Firm, P.L.L.C.
                1312 N. Monroe St., Ste. 133
                Spokane, WA 99201
                Telephone: (509)252-6005
                Email: zach@ayerslawfirm.net

**Service Certificate**

I hereby certify that on January 16, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: David Herzog, Assistant United States Attorney.

s/Zachary L. Ayers
Zachary L. Ayers, WSBA#46496
Attorney for Mr. Allen.
Ayers Law Firm, P.L.L.C.
1312 N. Monroe St., Ste. 133
Spokane, WA 99201
Telephone: (509)252-6005
Email: zach@ayerslawfirm.net